Tilghman C. J.,
delivered the Court’s opinion.
The record contains the evidence at large, and the charge of the Court to which the counsel for the plaintiff excepted. In considering the charge, I shall state what I take to be the substance of it, without laying too much stress on particular passages. In all cases of this kind, the question is, whether or not the law was declared to the jury in such a manner as might probably mislead them. There were two points on which the cause turned. 1. Had the plaintiff notice of the articles of agreement between Hill and Robertson?—2. Were these articles rescinded, or had Robertson acted in such a manner, that in equity, his claim ought to be postponed to that of the plaintiff?
1. I think the jury might have concluded from the charge, that the possession of Robertson amounted to constructive notice of the articles of agreement, and were thus misled in point of law. In general, possession may be sufficient notice of the title of the possessor but this principle is subject to many exceptions. Where a man is in posses *185 sion, without making his title known, a prudent person would not purchase without making enquiry into that title. But where he who is in possession, has placed upon record a title consistent with that possession, it may well be taken for granted that he holds under he recorded title; especially in this Commonwealth, where every deed, or writing, affecting the title of lands, may be, and ought to be recorded. But it has been. urged on the part of the defendant, that the possession of Robertson was inconsistent with his title under the mortgage, because it is not usual for the mortgagee to be in possession of the'mortgaged estate.—It may not be usual, but it is certainly not inconsistent- with the mortgage, that the mortgagee should be let into the possession, in order to keep down the interest by receipt of the profits, and apply the surplus, if any, towards the discharge of the principal. And in a case like the present, where legal proceedings were instituted on the mortgage long after the mortgagee’s entering into possession, it would be most convenient" if the law were to imply from his possession, the notice of a title different from that under the mortgage. The possession of Robertson, was a circumstance to be left to the jury, but they should have been told that it was not, ipso facto, a legal presumption of notice.
2. With respect to the proceedings on the scire facias, and the declarations of Robertson that he held under the mortgage, the President of the Court of Common Pleas thus expressed himself: “ But we leave it to you, (the jury,) to say, whether the proceedings in Court, and the defendant’s declarations, amount to a waving his forrher equity, or not, I do not feel disposed to give any opinion as to that point. It seems rather a question of fact, than law.”—I incline to think, that the effect of these proceedings and declarations, (supposing the declarations proved beyond doubt,) was matter of law rather than fact. Whether the parol declarations were proved, was for the jury to decide, but the legal conr sequence, was to be determined by the Court. But the plaintiff has no reason to complain that no opinion was given on that point, because the opinion, if given, ought to have been against him. The proceedings on the scire facias, and the declarations of Robertson, that he claimed under the mortgage, admitted of explanation. The defendants’ counsel say, that Robertson, not having received a front *186 Hill, who had gone away, commenced a suit on the mortgage, not with an intent to wave his right under the articles of agreement, but in order to have the property sold by the sheriff, of which he might become the purchaser, and thus extinguish Hill's equity of redemption. This is not improbable, as it is difficult to assign a reason why Robertson, who had purchased the right of Hill, and paid a valuable consideration for it, should relinquish his title under the articles. It seems to me, that the point on which the cause should have been submitted to the jury, was, whether or no, the plaintiff had actual notice of the articles of agreement. If he had, he ought not to recover. I do rot say, that Robertson's title would not have been lost, in equity, if he had told the plaintiff, before he made the purchase, that he had no claim but under the mortgage. That would have made a strong case for the plaintiff, but there was no evidence of any such thing, or even of the plaintiff being informed of the declaration made by Robertson to one of the witnesses, that he claimed under the mortgage. If the plaintiff knew of the articles of agreement, which amounted in equity, to a sale to Robertson, he ought to have made enquiry of Robertson, before he purchased for himself. And if, as argued by the defendant’s counsel, he perceived the slip which Robertson had made, in sueing out the scire facias, and intended to avail himself of it, by purchasing the equity of redemption for a trifling consideration, and compelling Robertson to account for the profits while he held the possession, it was an artifice against good conscience, and not entitled to any countenance in equity. But be that as it may, if he had actual notice of the articles, and went on to purchase, without making enquiry of Robertson, he purchased at his peril. I am of opinion, that there was error in the charge of the Court, with respect to constructive notice, and therefore the judgment should be reversed, and a venire de novo awarded.
Judgment reversed, and a venire facias de novo awarded.